| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. S5-4:06CR337CEJ(MLM) |
| | ) | |
| GARY STEPHEN KAPLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE CONCERNING
## <u>DEFENDANT G. KAPLAN'S MOTION FOR SEVERANCE</u>

This matter is before the court on defendant Gary Kaplan's Motion to Sever Counts or in the Alternative to Sever Co-defendants. [Doc. 785] The government responded. [Doc. 806] Defendant replied. [Doc. 835]

In this Motion defendant Gary Kaplan moves pursuant to Fed.R.Crim.P. 14(a) for Order severing Counts 2-5 and 17 and 19 of the Third Superseding Indictment.[1] In the alternative, defendant Gary Kaplan requests that the court sever his trial from that of the other defendants. As grounds, defendant points out that the Third Superseding Indictment was filed some 28 months after defendant was first indicted and more than 18 months since his arrest when he was detained pending trial. Defendant Gary Kaplan is the only detained defendant in this case. Early in its progress, the case was designated "complex" and defendant argues that the Third Superseding Indictment significantly increases the complexity by charging him and the other defendants with additional crimes. The government opposes severance and states that the mail fraud charges in Counts 2-5 are "simply substantive elaborations of the mail fraud and wire fraud allegations which were

---

[1] Counts 2-5 of the Third Superseding Indictment are mail fraud charges; Count 17 is a conspiracy charge and Count 19 is a non-racketeering forfeiture count, none of which were charged previously.

racketeering predicates in the First Superseding Indictment." The government states the Count 17 substantive conspiracy charge is a "much simpler version of the racketeering conspiracy charge" and the Count 19 non-racketeering forfeiture count is "almost identical" to the forfeiture count alleged in the First Superseding Indictment.[2]

Defendant Gary Kaplan does not challenge whether the counts and/or defendants are properly legally joined pursuant to Fed.R.Crim.P. 8(a) and (b). Rather, he bases his argument on Rule 14(a) which states:

> a.) **Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Under Rule 14, the decision to grant a severance is committed to the sound discretion of the district court and a defendant must show that the denial of a severance will result in specific and compelling prejudice. See United States v. Varella, 692 F.2d 1352, 1360 (11th Cir. 1983). 18 U.S.C. § 3161(h)(7) excludes from the time computation under the Speedy Trial Act "a reasonable period of delay when a defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The effect of this exclusion is that "whatever stops the Speedy Trial clock for one defendant stops the clock for all codefendants, subject, however, to the requirement that the delay be reasonable." United States v. Noriega, 746 F.Supp. 1548, 1559 (S.D.Fla. 1990) (emphasis added) "Reasonableness may be determined either by reference to the reasons for delay and

---

[2] As an initial matter, the court notes that, other arguments notwithstanding, the "elaborations" in Counts 2-5 expose defendant Gary Kaplan to an additional 20 years imprisonment <u>each</u>. The substantive conspiracy count exposes him to an additional 5 years imprisonment and the forfeiture count seeks forfeiture of over $180,000,000.00. Eighty-five years and $180,000,000.00 can hardly be categorized as "simply elaborations," "simpler versions" or "almost identical."

whether the amount of delay is justified in light of those reasons, or in terms of prejudice caused to a defendant when a trial is delayed through no fault of his own." Id. at 1560.

Defendant argues that the addition of the new charges will severely prejudice him in that they make the case significantly more complex because they raise additional questions of law and fact that will necessitate the development of new defenses, additional defense investigations and a new round of pretrial motions and oppositions. Alternatively, he argues that because the other defendants are not confined, they will be much more likely to request extensions of time to file motions and develop new defenses and trial strategies. Both arguments, that is, that the new counts be severed or that the defendants be severed are based on his allegations of prejudice because of his lengthy confinement. Defendant cites numerous cases in which lengthy pretrial confinement of a defendant has been deemed sufficient prejudice to warrant severance or the lack of confinement has been deemed grounds to deny a motion for severance or other relief: See, e.g., United States v. Noriega, 746 F. Supp. 1548, 1560 (S.D. Fla. 1990) (citing Barker v. Wingo, 407 U.S. 514, 532 (1972)) (The Supreme Court identified three types of prejudice that may result from delay: aggressive pretrial incarceration, the anxiety inherent in waiting trial and impairment of the defense.); United States v. Magnotti, 51 F.R.D. 1, 2 (D. Conn. 1970) ("The factor of delay in the trial of one defendant is another that might well be taken into account."); United States v. Salerno, 108 F.3d 730, 738 (7th Cir. 1997) (holding a defendant had not convincingly shown for purposes of his speedy trial act claim that he was prejudiced by the mere passage of time in part because "[h]e was neither incarcerated during the 17-month delay in trying him, nor did he seek to modify his bond conditions during that time."); see also United States v. Varella, 692 F.2d 1352, 1359 (11th Cir. 1982) (noting that specific prejudice caused by pretrial delay may be established by a showing of "prolonged pretrial incarceration").

However, the court looks to more recent Supreme Court authority for the standard to be followed by lower courts when addressing a motion for severance in a situation where defendants have been properly joined:

> We believe that, when defendants properly have been joined under Rule 8 (b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened. See Kotteakos v. United States, 328 U.S. 750, 774-75, 66 S.Ct. 1239, 1252-53, 90 L.Ed. 1557 (1946). Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. See Bruton v. United State, 391 U.S. 123, 66 S.Ct. 1620, 20 L.Ed.2d 1667 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. See e.g., Tifford v. Wainwright, 588 F.2d 954 (CA5 1979) (per curium). The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in Richardson v. Marsh, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. See 481 U.S., at 211, 107 S.Ct., at 1709.

Zafiro v. United States, 506 U.S. 534, 539 (1993).

"There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro, 506 U.S. at 537; United States v. Shivers, 66 F.3d 938, 939 (8th Cir.), cert. denied, 516 U.S. 1016 (1995). Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. at 449, quoting Bruton v. United States, 391 U.S. 123, 134 (1968); United States v. Cadwell, 864 F.2d 71, 73-74 (8th Cir. 1988). The court must look to the defendant's showing that prejudice would result from joinder and consider whether such prejudice can be avoided at trial. Very often relevant

factors cannot be fully evaluated until during trial, e.g., the effect of limiting instructions, the strength of the government's evidence, the receipt of evidence not relevant to all defendants on all counts, and the number of defendants tried jointly. United States v. Sazenski, 833 F.2d 741, 745-46 (8th Cir. 1987), cert. denied, 485 U.S. 906 (1988).

"Rarely, if ever will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir.), cert. denied, 112 S.Ct. 63 (1991); United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990). "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540. See also Layton v. South Dakota, 918 F.2d 739, 744 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991). Likewise, severance is not required: If the evidence against a co-defendant is more damaging, United States v. Pou, 953 F.2d 363, 369 (8th Cir.), cert. denied, 112 S.Ct. 1982 (1992); if the defendant's role in the conspiracy is minor, United States v. Pecina, 956 F.2d 186, 188 (1992); or if all of the evidence will not be admissible against all co-defendants, United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991), cert. denied, 112 S.Ct. 1987 (1992).

"The mere fact that there is hostility among the defendants or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." United States v. Garret, 961 F.2d 743, 746 (8th Cir. 1992). "Mutually antagonistic defenses are not prejudicial per se." Zafiro, 506 U.S. at 538.

Anticipated exculpatory testimony of a co-defendant does not automatically require severance. United States v. Foote, 920 F.2d 1395, 1400 (8th Cir. 1990), cert. denied, 111 S.Ct. 2246 (1991). "Severance is not mandated simply because a co-defendant might testify and thereby only 'increase the chances of acquittal or tend to rebut some aspect of the government's case.' Exculpation is required." Foote, 920 F.2d at 1400 (quoting United States v. Reed, 733 F.2d 492, 508 (8th Cir. 1984)).

A joint trial would not deprive a defendant of the right to ten peremptory jury challenges. A defendant has no such unqualified right. Rule 24(b) of the Federal Rules of Criminal Procedure states that "the defendant or defendants jointly [are entitled] to ten peremptory challenges." (emphasis added) In addition, the evidence in this case is not complex or confusing such that the jury will be unable to make a determination about the separate guilt of each defendant.

Severance is not required on the ground that the testimony of a co-defendant at trial would compel defendant to testify or to suffer prejudice as a result of a decision not to testify. An instruction cautioning the jury against drawing any adverse inference from his election not to testify will protect the defendant from any prejudice anticipated by the co-defendant's testimony. In addition, no comment concerning the failure of any defendant to testify is permitted.

Some factors will require pretrial severance. If the government intends to offer a confession against one defendant which incriminates a co-defendant, the co-defendant is entitled to a separate trial to avoid the prejudice of not being able to cross-examine the declarant. Bruton, 391 U.S. at 136. However, such prejudice may be avoided by the redaction from the confession of any reference to the co-defendant. United States v. Kaminski, 692 F.2d 505, 522 (8th Cir. 1982).

The court finds that the Third Superseding Indictment does add new charges that could delay the adjudication of the case and further finds that defendant Gary Kaplan's argument that his lengthy pretrial confinement may violate his statutory speedy trial rights as well as his constitutional due process rights is not totally without merit. However, defendant Gary Kaplan has met the time limits imposed by the court in its Case Management Order for filing motions dealing with the new counts and the government has timely

responded. There is no reason that this pattern cannot continue. The Motion to Sever Counts should be denied.

At this point, in light of the clearly established law that co-conspirators should be tried together, the alternative Motion to Sever Defendants should be denied; however, if the co-defendants request significant extensions of time or otherwise cause undue delay, the Alternative Motion can be reconsidered. The "reasonable delay" exclusion of 18 U.S.C. § 3161(h)(7) must be considered in light of the reasonable delay to accommodate conservation of public resources by trying codefendants together balanced against the potential unreasonableness when a defendant's incarceration is indefinitely prolonged. See Noriega, 746 F. Supp at 1561; United States v. Mendoza, 663 F. Supp. 1043, 1047 (D.N.J. 1987)

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant Gary Kaplan's Motion to Sever Counts or in the Alternative to Sever Co-defendants be **DENIED** without prejudice at this time. [Doc. 785]


The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).


/s/Mary Ann L. Medler
**MARY ANN L. MEDLER**
**UNITED STATES MAGISTRATE JUDGE**


Dated this __29th__ day of October, 2008.