UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CR-337(CEJ) |
| | ) | |
| GARY STEPHEN KAPLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion and renewed motion of defendant Gary Kaplan for release from custody based on an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3164. The United States has filed a memorandum in opposition, and the issues are fully briefed.

**I.   Background**

Defendant Gary Kaplan is one of ten individuals, together with several corporations, facing charges related to operating an illegal sports gambling enterprise. The Court has previously designated this case as "complex" pursuant to 18 U.S.C. § 3161(h)(8)(A), due to the number of defendants, the nature of the prosecution, the location or evidence and witnesses, and the length of time that may be required to obtain documents from other countries. The parties have filed a multitude of pretrial motions, several of which are still pending. Kaplan contends that because he has been detained without trial for more than 90 days he should be released from custody pursuant to 18 U.S.C. § 3164. A trial date has not yet

been set. Additional procedural background will be incorporated into the Court's analysis below.

## II. Discussion

According to a provision of the Speedy Trial Act, 18 U.S.C. § 3164, the trial of a defendant being "held in detention solely because he is awaiting trial…shall commence not later than ninety days following the beginning of such continuous detention." 18 U.S.C. § 3164(a)(1)-(b). The Act further provides that "[n]o detainee…shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." 18 U.S.C. § 3164(c).

Some periods of delay are excluded from calculation of the 90-day period. Under a provision relevant here, the Act specifically excludes any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[1] 18 U.S.C. § 3161(h)(1)(F). The Act also allows an "exclusion of up to 30 more days for the court to consider the motions." Long, 900 F.2d at 1274. Periods of delay caused by the filing of an interlocutory appeal also toll the speedy trial clock. 18 U.S.C. § 3161(h)(1)(E). The Act further excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7).

---

When a pretrial motion does not require a hearing, the excludable period runs from the date of filing until the court receives all of the parties submissions on the motion. United States v. Long, 900 F.2d 1270, 1274 (8th Cir. 1990).

2

Finally, the Act excludes up to a ten day delay for the transportation of a defendant from another district. 18 U.S.C. § 3161(h)(1)(H).

The parties agree that Kaplan has been continuously detained since his arrest on March 28, 2007. The parties disagree on whether certain blocks of time within this period are excludable under 18 U.S.C. § 3164.

### A) Pretrial Motions Filed by Kaplan's Co-Defendants

Much of the parties' disagreement lies in their differing interpretations of which excludable time periods, in this multi-defendant case, pertain to Kaplan. Defendant believes that the exclusions of 18 U.S.C. §3161(h) should be applied more narrowly to section 3164. Specifically, Kaplan suggests that any periods of delay related to pretrial motions filed by Kaplan's co-defendants are inapplicable to the calculation of his 90-day period. He notes that, because he is the only detained defendant, none of his co-defendants share his motivation to move the case to a speedy trial.

The Eighth Circuit has consistently held that, in a multi-defendant case, "all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants." United States v. Lightfoot, 483 F.3d 876, 886 (8th Cir. 2007); see also United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006)(rejecting the defendant's argument that his speedy trial clock should continue to run because he was not responsible for the motions filed by his co-defendants).

Kaplan, however, cites to United States v. Theron, 782 F.2d 1510 (10th Cir. 1986), in support of his proposition that he should not be responsible for the motions filed by his co-defendants. In that case, Theron was indicted with eleven co-defendants, ten of whom were released on bond. Id. at 1511. Theron filed only a motion for severance, and asserted his speedy trial rights; his co-defendants filed a motion for a continuance which Theron opposed.[2] Id. at 1511-12. He thereafter sought a writ of mandamus directing the district court to either begin his trial or release him from custody. The court of appeals found that the period of delay resulting from the continuance requested by the co-defendants could not be attributed to Theron. Id. at 1512-13. The court found that the co-defendants' need for additional time to prepare for trial, the complexity of the case and the desirability of a joint trial were insufficient to outweigh Theron's interest in a speedy trial. Id. Significant to court's reasoning were the facts that Theron had filed only one pretrial motion, he had not joined in any of the co-defendants' motions, and he had "used all means available to him to secure an immediate trial." Id. at 1513.

The circumstances involved in Theron are inapposite to those of the instant case. Unlike the defendant in that case, Kaplan has filed multiple pretrial motions and has joined in at least one of the motions filed by several of his co-defendants. Additionally, the United States filed a superseding indictment in September 2008,

---

[2] 18 U.S.C. § 3161(h)(8) excludes from speedy trial calculation any delay resulting from a continuance granted by the district court, if the court made findings that the ends of justice served by the continuance outweigh interest of the defendant in a speedy trial.

which resulted in the filing of further pretrial motions by the defendants---including Kaplan---which were addressed in Reports and Recommendations issued by a magistrate judge. The last Report and Recommendation addressing Kaplan's motions was filed on December 15, 2008. Kaplan filed objections, the government filed a response and Kaplan filed a reply on January 6, 2009.

The law is clear that, under the § 3161(h)(1)(F) exclusion, motions filed by co-defendants toll the speedy trial clock as to all defendants. See Lightfoot, 483 F.3d at 886. The law is equally clear that the periods of delay outlined in section 3161(h), including the pretrial motion exclusion, are excluded under section 3164 as well. See 18 U.S.C. § 3164(b). There is no legal support, either in the text of the statute or in relevant case law, to support Kaplan's contention that pretrial motions filed by his co-defendants do not toll his section 3164 speedy trial clock. That Kaplan's period of detention is lengthened by the filing of his co-defendants' pretrial motions is "an unavoidable consequence of Congress' application of the Section 3161(h) exclusions to Section 3164 detainees." United States v. Leon, 614 F.Supp. 156, 158-59 (D.C. N.Y. 1985)(rejecting argument that exclusions under § 3161(h) are applied differently under § 3164). Pretrial motions filed by Kaplan's co-defendants in this matter will toll the speedy trial clock as to Kaplan as well.

B) **Kaplan's Interlocutory Appeal**

Kaplan filed a notice of appeal on October 12, 2007, appealing his detention order. His appeal was denied and mandate was issued on December 28, 2007. Pursuant to 18 U.S.C. § 3161(h)(1)(E), any "delay resulting from any interlocutory

which resulted in the filing of further pretrial motions by the defendants---including Kaplan---which were addressed in Reports and Recommendations issued by a magistrate judge. The last Report and Recommendation addressing Kaplan's motions was filed on December 15, 2008. Kaplan filed objections, the government filed a response and Kaplan filed a reply on January 6, 2009.

The law is clear that, under the § 3161(h)(1)(F) exclusion, motions filed by co-defendants toll the speedy trial clock as to all defendants. See Lightfoot, 483 F.3d at 886. The law is equally clear that the periods of delay outlined in section 3161(h), including the pretrial motion exclusion, are excluded under section 3164 as well. See 18 U.S.C. § 3164(b). There is no legal support, either in the text of the statute or in relevant case law, to support Kaplan's contention that pretrial motions filed by his co-defendants do not toll his section 3164 speedy trial clock. That Kaplan's period of detention is lengthened by the filing of his co-defendants' pretrial motions is "an unavoidable consequence of Congress' application of the Section 3161(h) exclusions to Section 3164 detainees." United States v. Leon, 614 F.Supp. 156, 158-59 (D.C. N.Y. 1985)(rejecting argument that exclusions under § 3161(h) are applied differently under § 3164). Pretrial motions filed by Kaplan's co-defendants in this matter will toll the speedy trial clock as to Kaplan as well.

B) **Kaplan's Interlocutory Appeal**

Kaplan filed a notice of appeal on October 12, 2007, appealing his detention order. His appeal was denied and mandate was issued on December 28, 2007. Pursuant to 18 U.S.C. § 3161(h)(1)(E), any "delay resulting from any interlocutory

appeal" is excludable. Despite this statutory language, Kaplan contends that his interlocutory appeal did not result in any delay, and therefore does not result in excludable time. Kaplan notes that, during the time that his appeal was pending, fifty entries were made on the docket record, including eleven orders.

The Court concludes that filing an interlocutory appeal triggers an automatic speedy trial exclusion, regardless of whether the appeal actually delayed the trial. Indeed, numerous courts have found that the filing of a pretrial motion automatically results in an exclusion under section 3161(h)(1)(F). See United States v. Brim, 630 F.2d 1307, 1312-13 (8th Cir. 1980); United States v. Van Brandy, 726 F.2d 548, 551 (9th Cir. 1984); United States v. Cobb, 697 F.2d 38, 43-46 (2nd Cir. 1982). There is no plausible reason why this interpretation is not equally applicable to section 3161(h)(1)(E), regarding interlocutory appeals. See United States v. Weber, 1997 WL 61442 at *5 (W.D. Mo. 1997)("The time from the filing of the interlocutory appeal to the district court's receipt of its mandate is automatically excluded from the speedy trial computation..."). Defendant Kaplan's filing of an interlocutory appeal tolled the 90-day Speedy Trial Act period.

C) **Excludable Periods of Delay**

In assessing whether a Speedy Trial Act violation has occurred, the Court has reviewed the docket report in this case. Based on that review, the Court has determined that excludable periods of delay have resulted from (1) the transportation of Kaplan from the district of Puerto Rico to the Eastern District of Missouri (18 U.S.C. § 3161(h)(1)(H)); (2) the filing, hearing and disposition of

appeal" is excludable. Despite this statutory language, Kaplan contends that his interlocutory appeal did not result in any delay, and therefore does not result in excludable time. Kaplan notes that, during the time that his appeal was pending, fifty entries were made on the docket record, including eleven orders.

The Court concludes that filing an interlocutory appeal triggers an automatic speedy trial exclusion, regardless of whether the appeal actually delayed the trial. Indeed, numerous courts have found that the filing of a pretrial motion automatically results in an exclusion under section 3161(h)(1)(F). See United States v. Brim, 630 F.2d 1307, 1312-13 (8th Cir. 1980); United States v. Van Brandy, 726 F.2d 548, 551 (9th Cir. 1984); United States v. Cobb, 697 F.2d 38, 43-46 (2nd Cir. 1982). There is no plausible reason why this interpretation is not equally applicable to section 3161(h)(1)(E), regarding interlocutory appeals. See United States v. Weber, 1997 WL 61442 at *5 (W.D. Mo. 1997)("The time from the filing of the interlocutory appeal to the district court's receipt of its mandate is automatically excluded from the speedy trial computation..."). Defendant Kaplan's filing of an interlocutory appeal tolled the 90-day Speedy Trial Act period.

C) **Excludable Periods of Delay**

In assessing whether a Speedy Trial Act violation has occurred, the Court has reviewed the docket report in this case. Based on that review, the Court has determined that excludable periods of delay have resulted from (1) the transportation of Kaplan from the district of Puerto Rico to the Eastern District of Missouri (18 U.S.C. § 3161(h)(1)(H)); (2) the filing, hearing and disposition of

pretrial motions by Kaplan and by the do-defendants (18 U.S.C. § 3161(h)(1)(F)); (3) a period not exceeding thirty days during which proceedings concerning Kaplan or another defendant were under advisement (18 U.S.C. § 3161(h)(1)(J); and (4) Kaplan's interlocutory appeal (18 U.S.C. § 3161(h)(1)(E). Based on this review, the Court concludes that Kaplan's detention has not exceeded the 90-day limit of 18 U.S.C. § 3164. Therefore, his request for release is denied.

D)    Request to Set Trial Date

Defendant Kaplan also moves for a hearing and order on his motions for release. In light of the foregoing, this motion is moot. Finally, Kaplan asks that the Court schedule a pretrial conference in order to set a trial date. A scheduling conference has been set for March 18, 2009. Therefore, this request is also moot.

Accordingly,

**IT IS HEREBY ORDERED** that the motion and renewed motion of defendant Gary Kaplan [Doc. #640 and #706] for release from custody under 18 U.S.C. § 3164 are **denied**.

**IT IS FURTHER ORDERED** that the motion of defendant Gary Kaplan for a prompt hearing or order on his motions for release [ Doc. #892] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2009.